UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

HARRY RAY BRIGHT, III,

Plaintiff,

v.

DAKOTA COUNTY SHERIFF,
THE COUNTY OF DAKOTA and
STATE OF MINNESOTA,

Defendants.

Civil No. 01-2380 (DWF/SRN)

REPORT AND RECOMMENDATION

THIS MATTER is before the undersigned United States Magistrate Judge on Plaintiff's pro se "Application To Proceed Without Prepayment of Fees," (Docket No. 2), by which he is seeking leave to proceed in forma pauperis ("IFP"), as permitted by 28 U.S.C. § 1915. The matter has been referred to the undersigned for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons discussed below, it is recommended that Plaintiff's IFP application be denied and that the action be dismissed without prejudice.

Plaintiff commenced this action on December 26, 2001, by filing a pleading entitled "Complaint For Violation of Civil Rights Under 42 U.S.C. section 1983." (Docket No. 1.) He did not pay the $150 filing fee prescribed by 28 U.S.C. § 1914(a), but instead submitted the application for IFP status that is now before the Court.

FILED FEB 05 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

Because Plaintiff was a prisoner when he commenced this action,[1] his IFP application is subject to the requirements of the Prison Litigation Reform Act of 1995, ("PLRA"). This means, inter alia, that he is required to pay an initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1).

In this case, Plaintiff's initial partial filing fee, under the formula set forth at § 1915(b)(1), is $25.49. However, Plaintiff did not tender any fee payment with his complaint and IFP application. Therefore, by order dated January 4, 2002, (Docket No. 3), Plaintiff was required to pay his initial partial filing fee of $25.49 within twenty days. The Court's order expressly advised Plaintiff that if he failed to pay the prescribed amount within the time allowed, he would be deemed to have abandoned this action, and it would be recommended that his case be dismissed pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute.

The deadline by which Plaintiff was required to pay his initial partial filing fee has now passed, and Plaintiff has not tendered the payment due, nor has he offered any explanation for his failure to pay. Indeed, the Court has received no communication of any kind from Plaintiff since he was ordered to pay his initial partial filing fee. The Court's prior order clearly warned Plaintiff that his action would be subject to dismissal if he did not pay his initial partial filing fee within the time allowed. Because Plaintiff has failed to comply with that order, it is now recommended that he be deemed to have abandoned this action, and that his case be summarily dismissed without prejudice pursuant to Fed. R. Civ. P.

[1] In his IFP application, Plaintiff indicated that he was presently confined at the Minnesota Correctional Facility in St. Cloud, Minnesota, but he was expecting to be transferred to the Minnesota Correctional Facility at Moose Lake, Minnesota.

41(b). See also In re Smith, 114 F.3d 1247, 1251 (D.C.Cir. 1997) (failure to pay initial partial filing fee required by § 1915(b)(1) "may result in dismissal of a prisoner's action"); Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's Application to Proceed Without Prepayment of Fees, (Docket No. 2), be **DENIED**; and

2. This action be **DISMISSED WITHOUT PREJUDICE**.

Dated: February 5, 2002

Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.